[Civ. No. 24334.   Second Dist., Div. One.   June 9, 1960.]

MICHAEL LEO SULLIVAN, Appellant, v. THE ROYAL EXCHANGE ASSURANCE (a Corporation), Respondent.

Svenson & Garvin and John F. Garvin for Appellant.

Crider, Tilson & Ruppé, Robert C. Todd and Abe Mutchnik for Respondent.

LILLIE, J.—Plaintiff brought this action in declaratory relief to secure an interpretation of an insurance policy designated "Family Combination Auto Policy," and a declaration of his rights thereunder. The facts are not disputed. Two automobiles owned by plaintiff were covered by the policy issued to him by defendant; among other coverages, the contract of insurance included medical payments for "$2000 each person" upon which a $13 premium was paid on "Car #1" and a lesser premium ($8.25) on "Car #2." On December 19, 1958, the policy then being in full force and effect, plaintiff's minor child was struck by a car not covered by the policy and sustained injuries in excess of $4,000. The trial court concluded that the limit of defendant's liability under the "Medical Payments" coverage was $2,000 and gave judgment in that amount. Plaintiff by this appeal claims that under the terms of its policy the defendant's liability for medical payments is $4,000.

The pertinent parts of the policy with reference to the issue above stated are as follows:

"1. DECLARATIONS

"Item 3. The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein subject to all the terms of this policy having reference thereto.

| Premiums | | Limits of Liability | Coverages |
|---|---|---|---|
| Car #1 | 13.00 | $2000 each person | C Medical Payments |
| Car #2 | 8.25 | | |

"2. Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services . . . Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' caused by accident, while occupying or through being struck by an automobile.

"3. Limit of Liability: (under Part II) The limit of liability for medical payments stated in the declarations as

applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

"4. CONDITIONS:

"Conditions 1, 2, 3, 4, 6, 13, 14, 15 and 16 apply to all Parts.

"5. Condition 4. Two or More Automobiles: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each. . . ."

█ Plaintiff contends that Condition 4 controls and that the limitation of $2,000 should be applied *separately* and *individually* to each automobile insured; defendant company, on the other hand, relies on the limit of liability clause, 3 *supra*, asserting that "Although Condition 4 is on the face of the policy described as applying to *all* parts of the contract . . . the aforesaid 'Limit of Liability' provision is to be found *expressly within* that part of the policy concerning Medical Payments—the classification at issue."

█ "It is elementary in insurance law that any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer" (*Continental Cas. Co. v. Phoenix Constr. Co.*, 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914]); however, it is equally well established that "where the terms of the policy are plain and explicit, the court will indulge in no forced construction so as to cast liability upon the insurance company which it has not assumed (citations)." (*New York Life Ins. Co. v. Hollender*, 38 Cal.2d 73, 81 [237 P.2d 510]). █ █ In the interpretation of any written instrument, the primary object is to ascertain and carry out the intention of the parties (citations)." (*New York Life Ins. Co. v. Hollender, supra*, 81); to this end, "(E)ach clause must be considered with reference to every other clause upon which it has any bearing and all provisions are to be construed together. . . ." (*Protex-A-Kar Co. v. Hartford Acc. etc. Co.*, 102 Cal.App.2d 408, 413 [227 P.2d 509]) or, as has been stated, "the intention being gathered from the whole instrument, taking it by its four corners . . ." (*Ogburn v. Travelers Ins. Co.*, 207 Cal. 50, 52-53 [276 P. 1004]).

█ It appears that the precise problem at bar has not heretofore been the subject of judicial review in our state courts. There is much force to respondent's claim that Condition 4 and the limit of liability clause are complementary rather than contradictory; if not, there is further force to its argument that the specific limitation provision would prevail over the general Condition 4 which applies to "all parts of the

contract." Thus, ". . . in the construction of the instrument
. . . when a general and (a) particular provision are inconsistent, the latter is paramount to the former. So a particular
intent will control a general one that is inconsistent with it"
(Code Civ. Proc., § 1859). However, at least by analogy, the
problem has been adjudicated in other jurisdictions and by the
United States Circuit Court of Appeals (9 Cir.) applying the
law of California. In *Lowery* v. *Zorn*, 184 La. 1054 [168 So.
297], the plaintiff and his son were awarded damages of
$5,858.25 and $150 respectively; on appeal the father's share
was increased to $8,358.25, the full amount of his prayer. The
policy sued upon had a limit of liability of $5,000 "each person" and "$10,000 for any accident causing bodily injury to
more than one person." The father contended that since the
accident involved more than one person, the full $10,000 applied and since his son only claimed $150, there still remained
$9,850 under the policy to satisfy his own claim. The Supreme
Court of Louisiana reduced the father's award to $5,000, stating at page 298: "The garnishee, as insurer, is not liable for
more than $5,000 for the damages suffered by . . . Lowery,
because the limit of liability as fixed in the policy is $5,000 for
bodily injuries to one person and 'subject to the same limit for
each person' $10,000 for any one accident causing bodily injury to more than one person. Such limitations mean that if
two or more persons have suffered bodily injuries in one accident, and if the amount of damages suffered by one of the persons injured exceeds the limit of liability for injuries to one
person, he cannot recover from the insurer more than the limit
of liability for injuries to one person, even though the total
amount of damages due to all of the injured persons is less
than the limit of liability for one accident. Stated another
way, the limit of liability for bodily injuries to more than one
person in any one accident is subject to the further limitation
of liability for each one of the persons injured. *In re Employers Liability Assurance Corp.*, 180 La. 406 [156 So. 447]."

In the federal appellate case previously mentioned, *Standard
Acc. Ins. Co. of Detroit* v. *Winget* (9 Cir.), 197 F.2d 97, plaintiff Winget and one Mack had recovered a judgment in a
California court against one Terry, an insured defendant.
Subsequently, alleging that Terry's insurance carrier refused
to pay the judgment, they instituted suit thereon in the federal
court. During the trial, Mack settled with the company for
$6,000; ultimately Winget secured a verdict for $10,000. He
appealed, asking for a larger sum. At page 103, it is stated:

"Two questions are involved.

"(A) Extent of Liability Under the Policy.

"The first comes from the refusal of the trial court to render a judgment in favor of Winget in the sum of $13,617.02 instead of $10,000.00. The amount is arrived at by totaling the two judgments in favor of Winget and Mack and establishing a percentage of 68.0851 for Winget and 31.9149 percent for Mack. These percentages, if applied to the maximum liability under the policy $20,000.00, would call for an award to Winget of $13,617.02. The answer to the contention is very simple. The policy *does not* create a fund of $20,000.00 to be distributed pro-ratedly to various persons according to the amount recovered. On the contrary, the policy, read in its entirety, shows distinctly that the limit is $10,000.00 for 'each person.' Indeed, Paragraph 6 of the Declaration provides: 'The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all of the terms of the policy having reference thereto.

| *Coverage* | *Limits of Liability* | |
|---|---|---|
| (A) Bodily Injury Liability | $10,000 | $20,000 |
| (C) Medical Payments | $ 2,000.00 Each person (Named Insured Included)' . . . | |

"We are bidden to construe contracts,—even contracts of insurance—reasonably. *Burr* v. *Western States Life Insurance Company* (1931), 211 Cal. 568, 576, 597 [296 P. 273]; *Blackburn* v. *Home Life Insurance Co.* (1941), 19 Cal.2d 226, 229 [120 P.2d 31]; *Protex-A-Kar Co.* v. *Hartford Accident & Indemnity Co.* (1951), 102 Cal.App.2d 408, 412 [227 P.2d 509]. Words are to be construed in the sense in which they are ordinarily used. California Civil Code, Sec. 1644; California Code of Civil Procedure, Sec. 1861; *Pacific Portland Cement Co.* v. *Food Mach. & Chem. Corp.* (1949), 9 Cir., 178 F.2d 541, 552. And the only reasonable interpretation is to take the words of the policy which limit liability for 'each person' to $10,000.00 to mean what they say. Where the recovery exceeds that amount, the liability still remains $10,000.00 for 'each person.' . . .

"We agree with the conclusion reached. And we find no

California case which, under conditions such as existed here, calls for an apportionment . . .

"In the light of what has just been said, we do not believe that the clause under discussion lends itself to the strained construction which appellant Winget would place on it. Courts do not resort to forced construction in order to fasten liability upon an insurer which, by the terms of the policy, it has not assumed. *Maryland Casualty Co.* v. *Industrial Accident Commission* (1930), 209 Cal. 394, 397 [287 P. 468]; *Blackburn* v. *Home Life Insurance Co.* (1941), 19 Cal.2d 226, 229 [120 P.2d 31]."

The Winget case also cited *Mannheimer Bros.* v. *Kansas Casualty & Surety Co.*, 149 Minn. 482 [184 N.W. 189], which similarly construed the words "$5,000 one person" to mean precisely what they say and denied recovery by one of two injured persons in excess of that amount. To the same general effect is *Hutton* v. *Martin*, 43 Wn.2d 574 [262 P.2d 202].

Absent any case directly in point, we can only dispose of the question by analogy to what has been settled by the cases just mentioned; and it appears to us that the construction of the contract contended for by respondent is proper.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.