KANSAS CITY FIRE & MARINE INS. CO. *v.* EPPERSON.

5-2701 356 S. W. 2d 613

Opinion delivered April 30, 1962.

*Wootton, Land & Matthews,* for appellant.

*Wendell O. Epperson,* pro se, for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee, Wendell O. Epperson, upon a Family Combination Automobile Policy that provided comprehensive liability and accident protection for him and members of his family. Epperson's daughter was hurt in an automobile collision and incurred medical expenses of more than $2,000. The appellant admits its liability to the extent of $1,000; the dispute is about whether it is liable for an additional $1,000 of the total medical bill. This appeal is from a judgment holding the insurer liable for the entire $2,000 claimed by the plaintiff.

We may divide the insurance coverage afforded by this policy into two categories. First, the contract described Epperson's two cars, a Pontiac and a Ford, and provided certain liability and property damage insurance with respect to claims involving those vehicles. Secondly, the policy afforded other coverage having no connection with either insured automobile. The present claim falls in the second category; that is, medical services were to be provided if Epperson or certain members of his family should be injured in any automobile accident, regardless of whether either insured vehicle was involved. The record does not tell us whether Miss Epperson was in one of the insured cars when she was hurt; under the terms of the contract that fact was immaterial.

The printed policy contained a schedule offering nine different kinds of insurance protection. A separate premium for each car was to be inserted for each form of coverage actually being put into effect. The provisions for Coverage C, medical expense, were as follows:

| "Premiums | Limits of Liability | Coverages |
| "Car 1 | Car 2 | |

\*   \*   \*   \*

"C  $7.20  $4.20  1,000.00 dollars each person  Medical Payments"

There were two other paragraphs in the contract that are pertinent:

"Limit of Liability: The limit of liability for medical payments stated in the declarations as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

\* \* \* \*

"Two or More Automobiles: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each."

We think the trial court's conclusion to have been correct. As far as this aspect of Coverage C is concerned the insurer would have been liable for $1,000 if only one premium had been paid upon a single car. It is reasonable to think that the additional premium charged for the inclusion of a second car was intended to afford some corresponding added benefit to the insured. To this end the policy provided that its terms should apply separately to each car. If Epperson had carried a separate policy upon each vehicle he would have been entitled to receive $1,000 under each contract. The fact that the two coverages were combined in one policy does not compel us to reach a different result. To say the least, the combination contract is fairly open to two conflicting interpretations; in this situation we must construe it strictly against the insurer. We are unable to agree with the holding in *Sullivan* v. *Royal Exchange Assurance,* 5 Calif. Rptr. 878, where the court allowed only a single award of benefits under a similar policy.

It is also contended that the appellee did not recover the full amount sued for and was therefore not entitled to the statutory penalty and attorney's fees. This argument is without merit. The complaint sought a recovery of $2,000. At first the defendant denied all liability. Later on it amended its answer to admit its obligation to the extent of $1,000, and a check for that amount was tendered. After the case had been submitted to the court the parties stipulated that Epperson might cash the tendered check without prejudice to his right to seek the other one thousand dollars. The complaint was then

amended, quite properly, to reduce the claim to the sum left in dispute. The defendant has never admitted its liability for that amount. The plaintiff has evidently recovered the full sum sued for—half by the defendant's admission and the other half by the court's judgment.

Affirmed.