203 So.2d 762 (1967)
Horace GUILLORY, Plaintiff-Appellee,
v.
GRAIN DEALERS MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 2128.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1967.
Rehearing Denied November 27, 1967.
Writ Refused January 18, 1968.
Brame, Stewart & Bergstedt, by John E. Bergstedt, Lake Charles, for defendant-appellant.
Francis E. Mire, Lake Charles, for plaintiff-appellee.
Before FRUGE, SAVOY and LEAR, JJ.
SAVOY, Judge.
This is a suit under the medical payments clause of an automobile liability policy wherein the plaintiff sued to recover $370.06 for medical expenses he incurred in an automobile accident.
A narration of facts entered into by the parties in accordance with the provisions of Article 2131 of the Louisiana Code of Civil Procedure, reveals that the defendant, Grain Dealers Mutual Insurance Company, had issued a policy of automobile liability insurance to the plaintiff, Horace Guillory, which policy provided for liability, property damage and medical payments for a 1965 Ford Thunderbird, and also for a 1966 Ford Mustang. On April 15, 1966, while the policy above-mentioned was in effect, the plaintiff was involved in an automobile accident while driving the 1965 Ford Thunderbird insured under the policy.
Proof of loss for medical payments under the policy was submitted by or on behalf of the plaintiff, and a total of $500.00 was paid on September 12, 1966 by the defendant. However, a supplemental proof of loss under the medical payments provision of the policy was submitted to the defendant on October 12, 1966, in the sum of $370.06, for which payment was denied by the defendant on the basis that its maximum exposure under these circumstances had been met by the payment of $500.00 on September 12, 1966.
Subsequent to a trial on the merits, judgment was rendered in the City Court of Lake Charles in favor of the plaintiff and against the defendant. It is from this judgment that the defendant has appealed, claiming that the trial judge erred in allowing *763 the insured to collect separately on the medical payments coverage afforded to both automobiles insured under the same policy.
The pertinent policy provisions are as follows:
"PART IIEXPENSES FOR MEDICAL SERVICES:
"COVERAGE CMedical Payments:
"To pay all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital professional nursing and funeral services:
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by accident,
"(a) while occupying the owned automobile,
"(b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or
"(c) through being struck by an automobile or by a trailer of any type;
"Division 2. To or for any other person who sustains bodily injury caused by accident, while occupying.
"(a) the owned automobile, while being used by the named insured, by any resident of the same household or by any other person with the permission of the named insured; or
"(b) a non-owned automobile, if the bodily injury results from
"(1) its operation or occupancy by the named insured or its operation on his behalf by his private chauffeur or domestic servant, or
"(2) its operation or occupancy by a relative, provided it is a privage passenger automobile or trailer,
but only if such operator or occupant has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission.
"LIMIT OF LIABILITY:
"The limit of liability for medical payments stated in the declarations as applicable to `each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as a result of any one accident."
Under the general conditions applicable to most parts of the policy we find another condition which relates to the situation where two or more automobiles are insured under the same policy:
"4. Two or More AutomobilesParts I, II and III:

"When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto." (Emphasis added.)
The issue presented in this case appears to be res nova in the appellate courts of our State. Our jurisprudence is so firmly settled as to require no citation in support of the well-established rule that in construing contracts, the contract itself is the best evidence of the relationship existing between the parties and the true intention of the parties is to be sought and determined by the language of the contract when the wording is clear. On the other hand, any ambiguity that may be present in the contract should be construed against the party drawing the contract.
*764 An intensive reading of the policy provisions in the insurance contract with which we are here concerned, leads us to the conclusion that the trial judge erred in allowing double recovery under the medical payments clause.
Had the plaintiff been involved in an accident while driving one of his own vehicles upon which no medical payment clause had been taken, then he would not have been entitled to recover under the medical payments clause reserved on another of his own vehicles because neither condition would have been presented, i. e., he would not have been in an owned vehicle (as regards the policy interpretation) and he would not have been driving a non-owned vehicle. Thus, the argument of the plaintiff that he would be paying double premiums for no good reason must fall.
None of the cases cited by the plaintiff were factually apposite to our situation; none of them involved Louisiana law, and we would not have been bound to follow the principles established even had the situations been factually adaptable. In Kansas City Fire & Marine Ins. Co. v. Epperson, 234 Ark. 1100, 356 S.W.2d 613, the Arkansas Supreme Court dealt with an insurance policy similar to the one presented here and allowed a double recovery. However, it should be noted that the injuries received were not in one of the two insured family vehicles, but rather in an automobile belonging to another person.
In Lavin v. State Farm Mutual Automobile Insurance Co., 193 Kan. 22, 391 P.2d 992, the Kansas Supreme Court was involved with three separate policies on three separate vehicles. But another factor was also present in that case which we do not have in our case, i. e., there were two exclusionary clauses which were ambiguous, one limiting liability and the other expanding it. The case of Southwestern Fire and Casualty Company v. Atkins, Tex.Civ.App., 346 S. W.2d 892, found Atkins' daughter seriously injured when struck by a vehicle other than those insured by her father. Plaintiff's last case, Central Surety & Insurance Corp. v. Elder, 204 Va. 192, 129 S.E.2d 651, involved a case where the plaintiff wife sued the defendant insurance company under a policy issued to her husband when she was injured in an accident while a passenger in an uninsured vehicle owned and operated by another person.
For the reasons assigned the judgment of the City Court is reversed and judgment is hereby rendered in favor of the defendant, Grain Dealers Mutual Insurance Company, and against the plaintiff, Horace Guillory, rejecting his claim and dismissing his suit at his costs.
Reversed.

On Application for Rehearing.
En Banc. Rehearing denied.