213 So.2d 359 (1968)
Ted C. ODOM, Plaintiff-Appellant,
v.
The AMERICAN INSURANCE COMPANY, Defendant-Appellee.
No. 2408.
Court of Appeal of Louisiana, Third Circuit.
July 29, 1968.
Rehearing Denied August 20, 1968.
Concurring Opinion August 29, 1968.
*360 Piccione, Piccione & Wooten, by Charles N. Wooten, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by Robert Cabes, Lafayette, for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
FRUGE, Judge.
This is an action on an insurance policy brought by the insured against his injsurer. The district court, after an interpretation of the provisions of the insurance policy, held that plaintiff could not recover the sum sought from defendant.
Plaintiff then effected this appeal.
The issue presented for us here is the same as that which confronted the trial courtthat is, the reasonable interpretation to be given to the provisions of this contract of insurance. We agree with the conclusion and the reasoning of the trial court and substantially adopt as our own his reasons for judgment.
"Ted C. Odom is suing the American Insurance Company on the medical payment coverage contained in a family combination automobile policy that provides comprehensive liability and accident protection for him and the members of his family. The plaintiff's wife, Patricia Odom, while driving an automobile covered under the terms of the mentioned policy, was severely injured in an automobile collision near Kinder, Louisiana, as a result of being struck by a 1959 Ford automobile owned by Al LeBIanc, and being driven by his son, Luther Lawrence LeBlanc.
"Patricia Odom's injuries necessitated extensive medical expenses which, within the one year period of liability, totalled $6,914.06. Demand was made upon the defendant to pay this sum. Defendant refused contending that its liability under the policy for medical payments was only the sum of $2,000.00. This $2,000.00 has been paid by defendant and plaintiff specifically reserved all rights to collect the balance claimed.
"The policy involved is one commonly referred to as a `combination' automobile policy. Coverage `C' relates to automobile medical payments. It reads in part as follows:
"`To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
`"Division 1. To or for the named insured and each relative who sustains bodily injury * * * caused by accident:
"`(a) While occupying the owned automobile * * * [`(c) through being struck by an automobile]
* * * * * *
"Under Paragraph IV, Section (d), the following definition is given for two or more automobiles:
"`When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, * * *' (Emphasis added.)
"Under the `conditions' section of the policy on page 3, Section 5 denotes the limits of liability under coverage (c). It states:
"`The limit of liability for medical payments stated in the declarations as *361 applicable to "each person", is the limit of the company's liability for all expenses incurred by or on behalf of each person, including each insured, who sustains bodily injury, sickness, disease or death as the result of any one accident.'
"Under the listed schedules of automobiles and the coverage given to each, the following paragraph exists above the description of the vehicles insured, and the premiums due for each (including medical payments premiums):
"`The insurance afforded hereunder is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against bodily injury medical payments and property damage coverages shall be as stated on the declarations page of this policy subject to all of the terms of the policy having reference thereto * * *' (Emphasis added.)
"Under this statement there follows a list of the six different vehicles owned by the insured and covered by this policy. The statement of the automobile medical payments reveals that separate and diverse premiums were required for the medical payment coverage on each vehicle covered under the policy.
"Plaintiff contends that it is only reasonable to believe that the additional medical payments premiums charged for the inclusions of the vehicles listed were intended to afford corresponding benefits to the insured, and argues that it is patent from the terms of the policy that the total medical payments exposure under the policy is $12,000.00; this being the concomitant result of the coverage afforded by the six different premiums paid.
* * * * * *
"The question involved here had been undecided in Louisiana, until recently when the Third Circuit entertained the identical question involved here. In the case of Guillory v. Grain Dealers Mutual Insurance Co., 203 So.2d 762 (La.App.3d Cir., 1967) (rehearing denied, November 27, 1967) [writs denied 251 La. 687, 205 So.2d 605], the court held that under the automobile medical payments clause covering more than one automobile, the insured was not entitled to a double recovery arising out of an injury which occurred while one of the insured automobiles was being operated. The case is identical to the instant case in principle, and the policy provisions and facts of the accident are essentially the same. Therefore, the Guillory case furnishes authority from the Third Circuit Court of Appeal, which holds that only the primary limits of the medical pay coverage, i.e., $2,000.00, is applicable."
On this appeal, counsel for plaintiff-appellant attempts to distinguish the Guillory case on its facts. Counsel argued in his brief that the facts in Guillory "did not disclose nor was any mention made that the plaintiff suffered his injuries through being struck by another vehicle", as was the case here.
We feel, however, that whether plaintiff incurred his injury "while occupying the owned automobile" under Division 1(a) or "through being struck by an automobile" under Division 1(c) makes no substantial difference insofar as the maximum recovery stated on the declarations page of the contract. For this reason we feel that the principle announced in the Guillory case is applicable to the instant one.
For these reasons we are of the opinion that the district court properly rejected plaintiff's demands and dismissed his suit.
The judgment of the trial court is therefore affirmed at plaintiff-appellant's costs.
Affirmed.
*362 TATE, J., concurs and will assign reasons in a concurring opinion to be filed later.

On Application for Rehearing.
En Banc.
Rehearing Denied.
TATE, Judge (concurring in denial).
The writer reluctantly concurs in the denial only in deference to the recent decision of his brethren in Guillory v. Grain Dealers Mutual Insurance Co., La.App., 203 So. 2d 762, and their general tentative approach to defer re-examination of the principle of decision in that case until the Supreme Court expresses a definitive opinion on the question.
It should, however, be pointed out that our interpretation of the separate medicalpayments coverages as affording only one coverage (instead of the six paid for) is against the overwhelming weight of authority to the contrary. See 8 Appleman, Insurance Law & Practice, Section 4896 (text in 1968 pocket parts at footnote 74.21). Other than our Guillory decision, all decisions (save an early intermediate one criticized by the subsequent cases) which have considered the question have concluded that, for the separately charged premiums for medical-payments coverage, the insured is entitled to receive up to the combined coverage, either because proper construction of the policy so requires or else, if ambiguity is found (our own Guillory case frankly admitted the difficulty of interpreting the clause as it did), then under the settled principle that ambiguities are construed against the insurer which wrote the policy and in favor of affording broad protection.
These decisions, as cited or found by independent research, include: Lavin v. State Farm Mutual Auto. Ins. Co., 193 Kan. 22, 391 P.2d 992 (1964); Central Surety & Insurance Co. v. Elder, 204 Va. 192, 129 S.E. 2d 651 (1962); Kansas City Fire & Marine Ins. Co. v. Efferson, 234 Ark. 1100, 356 S. W.2d 613 (1962); Government Employers Ins. Co. v. Sweet, 186 So.2d 95 (Fla.App. 1966); Travelers Indemnity Co. v. Watson, 111 Ga.App., 98, 140 S.E.2d 505 (1965); Southwestern Fire and Casualty Co. v. Atkins, 346 S.W.2d 892 (Tex.Civ.App.1961). See also Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430 (1961).
The sole authority to the contrary is the early California intermediate decision, Sullivan v. Royal Exchange Assurance, 181 Cal. App.2d 644, 5 Cal.Rptr. 878 (1960). The interpretation of the policy provision by this decision has been rejected by all subsequent decisions of other states. See, for instance, the cited Sweet decision, at 186 So. 2d 97, and the cited Elder decision, at 129 So.2d 654.
It is true that the result we reached in Guillory on first impression is appealing and seems commonsensical. However, to me it becomes apparent, upon consideration of the policy as a whole and of the purpose and coverage of the medical payments clause, that we fell into error in not according the policy provision the interpretation reached by all other courts (save the intermedial California one) which have considered the question. The writer finds no sound distinction in either Guillory or the present case by which may be avoided the application of the interpretation of the decisions, to the effect that the insured is entitled to the combined total of the multiple medical payments coverages for which he has paid, rather than for one coverage only.
The medical payments provisions of the insurance contract is a separate and distinct contractual arrangement between the parties which serves the purpose of providing additional protection to the insured without the issue of fault becoming involved.[1]
*363 Considering this separate coverage afforded by the medical payments clause, as well as the policy's statement that "the terms of the policy shall apply separately to each" vehicle enumerated thereunder, it seems to me to follow that the insured has in effect six medical payments policies incorporated into one, each providing the same coverage and same terms. Had the plaintiff been issued six separate medical payments policies, each bearing a face amount of $2,000, there would be no doubt but that he had in effect a total of $12,000 worth of medical payments coverage. There is nothing in the policy sued upon which specifically states that by consolidating the six medical payments coverages into the present policy, the insured does thereby forfeit $10,000 worth of medical payments coverage for which premiums were paid.
That the insurer actually owns six separate medical payments policies (for $2,000 each) all included in a single policy form becomes more apparent if we hypothesize a situation where the insured is run down by a non-insured automobile while she is standing on a street corner. In such case, she should clearly be entitled to recover up to $12,000 in medical expenses for her injuries. The fact that the insured happened to be driving one of the insured vehicles, rather than riding in an uninsured vehicle or standing on a street corner, makes no difference in the result where she was "struck by an automobile". There is nothing in the policy to afford less coverage in one set of circumstances than in another. See Hale v. Allstate Insurance Co., 162 Tex. 65, 344 S.W.2d 430 (1961); Government Employers Insurance Co. v. Sweet, 186 So.2d 95 (Fla.App., 1966); Travelers Indemnity Co. v. Watson, 111 Ga.App. 98, 140 S.E.2d 505 (1965).
Interpreting the medical payments coverage as a separate contractual arrangement and applying its terms separately to all six automobiles against which medical payments premiums were charged, the $2,000 limitation stated on the declarations page of the policy cannot be the maximum amount recoverable in this case. Plaintiff has paid for and should receive $12,000 worth of coverage for medical expenses.[2]
Even if the insurer has not intended a maximum recovery of $12,000 under the medical payments coverage because six vehicles were covered under the policy, study and analysis of the policy provisions quoted in the majority opinion indicates, at the very least, ambiguity in the provisions of the contract itself. Especially is this so because of the unique nature of the medical payments coverage. It is well settled now that whenever ambiguity is found in the provisions of the insurance contract, such ambiguity will be resolved in favor of the insured so as to provide him with the broadest coverage consistent with any plausible interpretation of the provisions of the contract.
The above reasoning is in line with the jurisprudence of other states which have considered the same question. See Kansas City Fire and Marine Ins. Co. v. Epperson, 234 Ark. 1100, 356 S.W.2d 613 (Ark.Sup.Ct., 1962)[3]; Government Employees Insurance *364 Co. v. Sweet, 186 So.2d 95 (Fla.App.4th Dist., 1966)[4]; Travelers Indemnity Co. v. Watson, 111 Ga.App. 98, 140 S.E.2d 505 (Div. 1, 1965)[5]; Southwestern Fire and Casualty Co. v. Atkins, 346 S.W.2d 892 (Tex.App., Houston, 1961)[6]; Central Surety and Insurance Corp. v. Elder, 204 Va. 192, 129 S.E.2d 651 (1963).
The writer thus concludes that, upon re-examination of the issue decided, the medical payments clause coverages' should be construed so as to afford a combined total limit rather than as if only one medical payments coverage had been afforded. However, for the reasons stated he defers to his brethren's reluctance to overrule at this time so recent a decision of our court without first affording our high court an opportunity for full-scale study of the issue involved.
NOTES
[1] "Such [medical coverage] provision is a separate obligation of the insurer, independent of its obligation to pay sums of money as damages under the liability features of the contract. Liability for such payment is in no way defendant upon negligence of the insured." 8 Appleman, Insurance Law and Practice, Section 4896, p. 350 (1962).

"In an automobile liability policy, the medical payments coverage is a divisible and separable contract from, the bodily injury liability coverage, and it is an absolute agreement to assume or pay the medical payments." 13 Couch, Insurance, Section 48:71, p. 564 (2d ed., 1965). See also Sims v. National Casualty Co., 43 So.2d 26 (La.App. 1 Cir., 1949).
[2] This conclusion concerning the medical payments coverage of course does not necessarily apply to any other coverage provided for in this combination automobile liability insurance policy.
[3] The court stated at p. 614: "As far as this aspect of Coverage C is concerned the insurer would have been liable for $1,000 if only one premium had been paid upon a single car. It is reasonable to think that the additional premium charged for the inclusion of a second car was intended to afford some corresponding added benefit to the insured. To this end the policy provided that its terms should apply separately to each car. If Epperson had carried a separate policy upon each vehicle he would have been entitled to receive $1,000 under each contract. The fact that the two coverages were combined in one policy does not compel us to reach a different result. To say the least, the combination contract is fairly open to two conflicting interpretations; in this situation we must construe it strictly against the insurer."
[4] Some of the pertinent comments of the court are:

"On first impression it seemed that the limit of liability clause in the medical payments section of the policy determined the question but none of the terms of the policy may be applied to the exclusion of others. The two or more automobiles clause directs that the terms of the policy shall apply separately to each automobile. The terms of the policy are hopelessly irreconcilable, and we must adopt the construction which provides the most coverage. When we apply the terms of the policy separately to each of the two automobiles insured, we find that the limits of liability for medical payments for each automobile is $3,000.00, and it makes no difference whether the injuries were sustained while the named insured was occupying or struck by either one or the other of the automobiles described in the policy or by an automobile not described in the policy. There is no way to relate coverage to either, and, therefore, the limit of liability for medical payments of the named insured for bodily injury sustained as a result of any one accident is applied separately to the terms of the policy as to each automobile described. The aggregate amount is $6,000.00. This conclusion is in accord with all of the other authorities (except the one discussed infra) cited or found in our independent research." (P. 97.)
[5] Without finding any ambiguity in the terms of a similar policy, the court said:

"Division 1 is simply accident insurance to the named insured and his relatives when either is injured while occupying any automobile or being struck by any automobile, and if there had been two policies, one on each automobile, the insured injured person would have been entitled to payments under each policy up to the limitation of liability provided, and the same is true as to the single policy in this case as written." (P. 508.)
[6] This is the landmark case in regard to the issue presented in the instant case. Some of the court's remarks were:

"This provision is made applicable to all parts of the policy and in effect provides that the policy of insurance shall apply separately to each car. If it does apply separately to each car, then it would seem that the policy is in effect two policies of insurance in one. This view is supported by the fact that separate premiums are charged for each car; the medical payment premium being $8 on Car 1 and $7 on Car 2. There could be no question that if separate policies had been written by appellant the insured could recover $500 medical payments on each car since the total medical expenses exceed $1,000. * * * We think it is equally clear that if the insured had taken out medical payments on only one car, he could recover the sum of $500, being the amount paid him by appellant. In other words, if he can collect only $500, he is no better off for having taken out medical payments on both cars than on one car, since he could recover the same amount had he taken out medical payments on only the one car." (P. 894.)