WACHOVIA BANK & TRUST COMPANY, ADMINISTRATOR, C.T.A. OF THE ESTATE OF HERBERT GILLESPIE BARNES, DECEASED v. WESTCHESTER FIRE INSURANCE COMPANY

No. 6910DC479

(Filed 22 October 1969)

**1. Insurance § 6— construction of policies**

Insurance policies should be given reasonable interpretation, and if they are not ambiguous, they should be construed according to their terms and the ordinary and plain meaning of their language.

**2. Insurance § 6— construction of policies**

An insurance policy should be construed as a whole so as to give a consistent meaning to all its terms.

**3. Insurance § 6— construction of policies — ambiguities**

Any ambiguity in an insurance contract should be construed strictly against the insurer and in favor of increased coverage for the insured.

**4. Insurance §§ 68, 79— family automobile policy — liability coverage — medical payments coverage — two automobiles insured**

The liability coverage of a family automobile policy is entirely different from the medical payments provision and is treated differently, the limitation provision of the liability coverage being controlling no matter how many different automobiles are designated in the policy.

**5. Insurance § 68— family automobile policy — medical payments — struck by an automobile**

The medical payments provision of a family automobile policy for injuries received "through being struck by an automobile" is not limited to a pedestrian situation and does not require actual physical contact between the injured person and the striking automobile.

**6. Insurance § 68— family automobile policy on two automobiles — medical payments coverage — limits of liability**

Where insured paid separate premiums for two vehicles under a family automobile policy which provided medical payments coverage of $5,000 per person for injuries received (1) while occupying an owned vehicle, (2)

while occupying a non-owned vehicle, or (3) through being struck by an automobile, and insured was injured in a collision with another vehicle while operating one of the insured vehicles, the $5,000 medical payments limitation applies separately to each vehicle covered by the policy so that the limit of the insurer's liability is the aggregate amount of $10,000, $5,000 under coverage for the "owned" vehicle involved in the collision, and $5,000 under coverage for the other insured vehicle for injuries "through being struck by an automobile."

APPEAL by plaintiff from *Ransdell, District Judge,* 6 August 1969 Session, WAKE County District Court Division.

In the trial court a demurrer filed by the defendant to the complaint for failure of the complaint to state a cause of action was sustained and plaintiff's action dismissed.

There is no dispute as to the facts involved, and this appeal presents a question of law as to the meaning and interpretation of an automobile insurance policy issued by the defendant.

Herbert Gillespie Barnes (Barnes) died on 16 December 1966 as a result of injuries received in a head-on collision on 12 August 1966 involving a 1960 Pontiac automobile owned and driven by Barnes and another automobile proceeding in the opposite direction.

On 1 October 1965 the defendant issued to Barnes a Family Automobile Policy No. EA 82 62 88. This policy was for a period from 1 October 1965 to 1 October 1966 and was in full force and effect on the date of the collision on 12 August 1966. As a result of the injuries sustained in the collision, Barnes incurred reasonable expenses for necessary medical care within the terms of the policy in an amount of $13,389.37. Claim was duly filed with the defendant for payment of medical expenses in the amount of $10,000.00. The defendant paid the sum of $5,000.00 without prejudice to plaintiff's claim for an additional sum of $5,000.00 if and when it should be determined that under the terms and provisions of the insurance policy plaintiff was entitled to the additional $5,000.00.

The relevant provisions of the policy are:

"DECLARATIONS

* * * *

ITEM 3. The insurance afforded is only with respect to such of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto."

| PREMIUMS | | LIMITS OF LIABILITY | COVERAGES |
|---|---|---|---|
| Car 1 * | Car 2 | | |
| 26.11 | 38.08 | $25,000 each person<br>$50,000 each occurrence | A — Bodily Injury<br>Liability |
| 13.44 | 20.16 | $25,000 each occurrence | B — Property Damage<br>Liability |
| 8.80 | 8.00 | $ 5,000 each person | C — Medical Payments |
| 4.00 | 4.00 | $ 5,000 each person<br>$10,000 each accident | J — Family Protection |
| $122.59 | | Total Premium | |

\* Car 1: 1960 Pontiac; Car 2: 1957 Ford Pickup

### "Part I — Liability

\* \* \* \*

'[O]wned automobile' means

(a)  a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded \* \* \*"

[Applicable to Part II — Expenses for Medical Services.]

"Part II — Expenses for Medical Services

Coverage C — Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', caused by accident,

(a)  while occupying the owned automobile,

(b)  while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or

(c)  through being struck by an automobile or by a trailer of any type;

\* \* \* \*

Limit of Liability: The limit of liability for medical payments stated in the declarations as applicable to 'each person'

is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident.

Other Insurance: If there is other automobile medical payments insurance against a loss covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance."

"CONDITIONS

\* \* \* \*

4. Two or More Automobiles — Parts I, II and III: When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."

*Dupree, Weaver, Horton, Cockman & Alvis by F. T. Dupree, Jr., and John E. Aldridge, Jr., for plaintiff-appellant.*

*Young, Moore & Henderson by B. T. Henderson, II, and John B. Regan, III, for defendant-appellee.*

CAMPBELL, J.

This is a case of first impression in North Carolina.

[1-3] Insurance policies should be given reasonable interpretation, and if they are not ambiguous, they should be construed according to their terms and the ordinary and plain meaning of their language. *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1966); *Williams v. Insurance Co.*, 2 N.C. App. 520, 163 S.E. 2d 400 (1968); *Clemmons v. Insurance Co.*, 2 N.C. App. 479, 163 S.E. 2d 425 (1968). A policy should be construed as a whole so as to give a consistent meaning to all its terms. *Stanback v. Insurance Co.*, 220 N.C. 494, 17 S.E. 2d 666 (1941). The meaning of the policy should be found by reference to the provisions of the contract with the in-

tention of the parties being the controlling guide. *White v. Mote,* 270 N.C. 544, 155 S.E. 2d 75 (1967); *Kirk v. Insurance Co.,* 254 N.C. 651, 119 S.E. 2d 645 (1961). If there is ambiguity in the insurance contract, it should be construed strictly against the writer of the policy, that is, the insurer, and in favor of increased coverage for the insured. *Insurance Co. v. Insurance Co.,* 266 N.C. 430, 146 S.E. 2d 410 (1965).

While these general principles could guide us in the instant case in the absence of North Carolina cases in point, a study of the decisions of other jurisdictions on the question in issue here is very instructive. In *Sullivan v. Royal Exchange Assurance,* 181 Cal. App. 2d 644, 5 Cal. Rptr. 878 (1960), the California District Court of Appeals held that the $2,000 limitation provision in that particular policy was controlling. The insured had two automobiles and had paid a premium on each. The limitation in the policy was for $2,000. A child of the insured was struck by another automobile, which automobile did not belong to the insured. An effort was made to recover $4,000, that is, $2,000 for each automobile covered in the policy. The California Appeals Court held that the limitation provision in the medical payment portion prevailed over the general condition. The California court noted cases which had held that a maximum limitation of liability in the liability portion of the policy prevented pyramiding of liability coverage and thus by analogy reasoned that the medical payment provision could not be pyramided.

Only one other jurisdiction has followed the California case. The Louisiana court in *Guillory v. Grain Dealers Mutual Insurance Co.,* 203 So. 2d 762 (La. 1967) (Reh. den. *en banc,* November 27, 1967; writ refused 251 La. 687, 205 So. 2d 605 (1968)) considered a policy with the exact wording of the policy in the instant case. The insured owned two automobiles and both were covered under the policy, and a separate premium had been paid for each. The policy provided for $500 medical payment. He was riding in one of these automobiles when it was involved in a collision with a third automobile. The insured incurred medical expenses of approximately $870.00. The claim for this amount was paid up to the asserted limit of coverage for injuries to one person while riding in an "owned" automobile, that is, $500.00. The additional amount of $370.00 was then sued for on the theory that the premium paid for the other vehicle owned by the insured and covered under the policy provided an additional coverage of $500.00 per person for medical expenses — even though the second car was not occupied by the insured at the time of the accident. The court denied recovery for the additional

$370.00. Shortly after this decision the same Louisiana court was confronted with a similar case in *Odom v. American Insurance Co.*, 213 So. 2d 359 (La. 1968) (Reh. den., August 20, 1968; writ refused by a divided court, 252 La. 955, 251 So. 2d 127 (1968))'. In the *Odom* case, however, the composition of the court had changed. Judge Tate was the new member of the court. He wrote a separate concurring opinion in which he stated that he concurred with reluctance simply because of the recent decision in the *Guillory* case. Judge Tate further stated:

> "The writer thus concludes that, upon re-examination of the issue decided, the medical payments clause coverages should be construed so as to afford a combined total limit rather than as if only one medical payments coverage had been afforded. However, for the reasons stated he defers to his brethren's reluctance to overrule at this time so recent a decision of our court without first affording our high court an opportunity for full-scale study of the issue involved."

The Supreme Court of Louisiana does not appear to have written any opinion on the matter. In the light of the well-reasoned concurring opinion of Judge Tate, considerable doubt is cast upon the validity of the Louisiana position.

All other jurisdictions that have encountered this proposition have construed the policy so as to afford pyramided limits. Actually the limits are not pyramided, but the more exact expression is that each vehicle has a separate policy and a recovery is made for each policy.

In *Government Employees Insurance Company v. Sweet*, 186 So. 2d 95, 21 A.L.R. 3d 895 (Fla. 1966) (Reh. den., May 27, 1966), decided by the Florida District Court of Appeals for the Fourth District, the insurance company issued its policy covering two vehicles, a Chevrolet and a Ford. Under the medical payment provision a separate premium was charged for each vehicle, and the limit of liability was $3,000 for each person. The insured was riding in one of the automobiles when involved in an accident. The insurance company took the position that since the injuries were incurred while the insured was occupying one of the two automobiles there was coverage only under that part of the policy applying to the automobile in which the insured was riding. The court, however, refused to follow that theory, and stated that the medical payment provisions of the policy are closely akin to a personal accident policy and that recovery is completely independent of liability on the part of the insured. The court then treated each policy as a separate policy for

each automobile and found that the limit of liability for medical payments for each automobile was $3,000. The court went on to find that the terms of the policy were hopelessly irreconcilable, and, therefore, the court adopted the construction which provided the greater coverage. The court refused to follow the California decision in the *Sullivan* case and pointed out that other jurisdictions had likewise refused to follow the California case. The Florida court relied upon *Kansas City Fire & Marine Insurance Co. v. Epperson,* 234 Ark. 1100, 356 S.W. 2d 613 (1962); *Central Surety & Insurance Corporation v. Elder,* 204 Va. 192, 129 S.E. 2d 651 (1963); and *Southwestern Fire and Casualty Company v. Atkins,* 346 S.W. 2d 892 (Tex. Civ. App. 1961).

The Texas Court of Civil Appeals again considered the construction of a medical payments provision in an automobile insurance policy in the case of *Cockrum v. Travelers Indemnity Company,* 420 S.W. 2d 230, (Tex. Civ. App. 1967). In this case the policy involved was the new form policy similar to the policy in the instant case. The insured owned three automobiles, and the medical payment provision applied to only one of the three automobiles (a Cadillac). The daughter of the insured was riding in one of the automobiles (a Pontiac) which was not covered by the medical payment provision. The daughter was killed as a result of a head-on collision with another vehicle. The insured sought to recover under the medical payment provision on the Cadillac which was not involved in the accident. The court held that the daughter had been struck by another automobile even though she did not come in direct physical contact with the striking vehicle. The court further pointed out that the coverage under the medical payment provision as set out in subparagraphs (a), (b) and (c) were not mutually exclusive, but were overlapping in their terms. The Texas court stated:

> "* * * The insurance company is bound by the clearly expressed terms and provisions contained in such contract. While it did not collect a premium on the Pontiac automobile yet it did collect a premium for medical payment coverage on the Cadillac automobile which policy extended benefits to the insured, and his family, while being injured as a result of an accident 'through being struck by an automobile.' "

Other cases sustaining a recovery are:

> *Hale v. Allstate Insurance Co.,* 162 Tex. 65, 344 S.W. 2d 430 (1961);

> *Travelers Indemnity Company v. Watson,* 111 Ga. App. 98, 140 S.E. 2d 505 (1965);

*Lavin v. State Farm Mutual Automobile Ins. Co.,* 193 Kan. 22, 391 P. 2d 992 (1964); and

*Bates v. United Security Insurance Company,* ...... Iowa ....., 163 N.W. 2d 390 (1968).

The views of the majority jurisdictions likewise find approval with the writers of works on insurance. In 8 Appleman, Insurance Law and Practice, Sec. 4896 — 1969 pocket parts, we find:

> "Generally, medical payment clauses constitute separate accident insurance coverage. . . . Where a single policy covered two automobiles, a premium being established for each, insured was entitled to medical payments as on two separate policies."

> "In an automobile liability policy, the medical payments coverage is a divisible and separable contract from the bodily injury liability coverage, and it is an absolute agreement to assume or pay the medical payments." 13 Couch, Insurance, § 48:71, page 564 (2d Ed. 1965).

[5] It is to be noted that the expression "being struck by an automobile" does not require physical contact between the individual person and the automobile doing the striking such as in an automobile-pedestrian situation. *Bates v. United Security Insurance Company, supra; Cockrum v. Travelers Indemnity Company, supra; Hale v. Allstate Insurance Co., supra.*

[4] Likewise, the liability coverage in the policy is entirely different from the medical payments provision and being entirely different is treated differently, and the limitation provision is controlling, no matter how many different automobiles are designated in the policy. *Rosar v. General Ins. Co. of America,* 41 Wis. 2d 95, 163 N.W. 2d 129 (1968); *Allstate Insurance Co. v. Mole,* (5th Cir., August 8, 1969); *Pacific Indemnity Company v. Thompson,* 56 Wash. 2d 715, 355 P. 2d 12 (1960); *Greer v. Associated Indemnity Corporation,* 371 F. 2d 29 (5th Cir. 1967).

In the instant case the insurance company takes the position that the three paragraphs (a), (b) and (c) in Division 1 (*supra*) are mutually exclusive, and since Barnes was riding in an owned automobile covered in paragraph (a), he is entitled to recover under that provision only and that the other two provisions should not be considered. Quoting from the Insurance Company brief:

> "* * * Both the 1960 Pontiac four-door automobile and the 1957 Ford one half-ton pickup truck were 'owned automobiles' within the meaning of the provisions in this policy. No non-

owned automobiles were involved in this accident, nor was the plaintiff's intestate struck by an automobile in the sense of being a pedestrian.

Hence, directing the Court's attention to solely the 1957 Ford one-half-ton pickup truck, in applying the previous policy provisions and specifically the insuring agreement requiring that for recovery, the named insured must sustain bodily injury while occupying the owned automobile or a non-owned automobile, it becomes clear that the provisions of the expense for medical service insuring the non-involved automobile could not possibly be interpreted to extend coverage to plaintiff's intestate because his expenses did not arise as a result of sustaining bodily injuries while occupying the owned automobile — (the 1957 Ford one-half-ton pickup truck) (1) described in this policy and (2) for which a specific premium charge was made. Neither was the 1957 Ford one-half-ton pickup truck, designated Car #2 in the policy, a non-owned automobile since it was in fact owned by the insured, and for which a specific premium charge had been made."

[5] The fallacy in this reasoning is that it disregards paragraph (c) which reads "through being struck by an automobile or by a trailer of any type." The insurance company seeks to limit this paragraph (c) to a pedestrian situation. The trouble with that reasoning is that the paragraph (c) on its face is not limited to a pedestrian situation. It provides coverage to all situations where the insured incurs medical expense "through being struck by an automobile." As we pointed out above, this does not require actual physical contact between the injured individual and the striking automobile.

[6] We think, to allow recovery under the medical payment coverage afforded the Ford pickup, pursuant to the policy here involved, not only is in accordance with the majority view of the jurisdictions that have considered the matter, but that this interpretation gives consideration to all portions of the policy involved. The Pontiac automobile is covered under (a) since Barnes was injured in an accident "while occupying the owned automobile." Likewise (c) would be applicable because the expenses were incurred "through being struck by an automobile." This situation then calls for the application of the limitation provision of the policy and only $5,000 can be recovered insofar as insurance is afforded the Pontiac. This is so even though the Pontiac automobile in this situation meets

both the provisions of (a) and (c). With regard to the coverage afforded the Ford pickup truck, only the coverage in (c) is applicable.

If a situation is presented where a so-called one-automobile accident occurs, *i.e.*, striking a bridge abutment or a tree, or overturning, then in that situation only the automobile actually occupied would be covered since (a) or (b) would be applicable and (c) would not apply. If the insured is a pedestrian or riding on some type of vehicle other than an automobile, the medical expenses are incurred "through being struck by an automobile" and only (c) would be applicable and a recovery would be sustained up to the limits applicable to each automobile designated in the policy.

We think this is the correct construction of the policy. On the other hand, if this interpretation of the policy here involved is not in accordance with the risk the insurance company thought it was assuming in issuing the policy involved, then in our opinion the policy as written is ambiguous. In the situation of an ambiguity, it is to be construed against the insurance company. Therefore, in either event a recovery is warranted.

If the insurance company, on the other hand, desires to limit the coverage under (c) to a pedestrian situation, it can easily do so with appropriate language. Likewise, if the insurance company desires to limit the liability for medical payments, no matter how many automobiles are designated in the policy and for which premiums are paid, it can do so. An example of this appears in *Hansen v. Liberty Mutual Fire Insurance Company*, 116 Ga. App. 528, 157 S.E. 2d 768 (1967). Georgia is one of the jurisdictions which has construed the medical payment provisions, in accordance with views as herein expressed, in *Travelers Indemnity Company v. Watson, supra*. In this *Hansen* case, however, the insurance company placed a limit of liability on the medical payment provision, and the limitation so expressed was upheld by the Georgia court. No such limitation, however, was placed on an accidental death benefit coverage, and on that provision of the policy, more than one recovery was sustained. This decision offers a good review of the contrasting positions.

We prefer to follow the views expressed by the majority of the jurisdictions which have considered the problem here presented. Accordingly, the decision of the District Court is

Reversed.

PARKER and GRAHAM, JJ., concur.