344 So.2d 702 (1977)
Enas T. LANE
v.
The FIREMAN'S FUND INSURANCE COMPANY.
No. 8462.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1977.
Guste, Barnett & Shushan, Dennis C. Strayhan, New Orleans, for plaintiff-appellant.
Loeb & Livaudais, Marcel Livaudais, Jr., New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and MORIAL, JJ.
GULOTTA, Judge.
Plaintiff appeals from the dismissal of his claim for additional medical payments under an automobile insurance policy. We affirm.
*703 The matter was submitted to the trial court on memoranda and a stipulation of facts. While guest passengers in an automobile owned by a third party, plaintiff was injured and his wife killed. As a result of his injuries, plaintiff incurred medical expenses totalling approximately $18,000.00. In effect at the time of the accident was a Family Automobile Policy issued to plaintiff's wife.[1] The insurer paid to plaintiff the sum of $5,000.00 for which Lane signed a release.
The policy covers two automobiles and includes separate premiums for medical payments in the sum of $5,000.00 on each vehicle. However, the declarations section of the policy contains a $5,000.00 limit of liability for medical payments to each person. It is plaintiff's contention that although the policy provides a $5,000.00 limit of liability for medical expenses incurred by one person, the policy provides for medical payments coverage on two automobiles totalling the sum of $10,000.00. According to plaintiff, when the coverage limit on each automobile is "stacked", he is entitled to recover the sum of $10,000.00.
The pertinent portion of the policy relative to medical payments reads as follows:
PART IIEXPENSES FOR MEDICAL SERVICES
"Coverage CMedical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
"Division 1. To or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', caused by accident, (a) while occupying the owned automobile, (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, or (c) through being struck by an automobile or by a trailer of any type;
* * * * * *
"Limit of Liability. The limit of liability for medical payments stated in the declarations as applicable to `each person' is the limit of the Company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as the result of any one accident."
Though we have not been confronted with a case involving the "stacking" of medical payments, our brethren on the Third Circuit, in Guillory v. Grain Dealers Mutual Insurance Company, 203 So.2d 762 (La.App. 3d Cir. 1967), writ denied, 251 La. 687, 205 So.2d 605 (1968), refused to permit stacking of medical payments where, as in the instant case, one policy of insurance covered two vehicles. Two separate premiums were paid for medical payment coverage and the policy contained a limit of liability similar to that in the policy before us. As in the instant case, the policy also contained the following condition:
"4. Two or More AutomobilesParts I, II and III. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each, but an automobile and a trailer attached thereto shall be held to be one automobile as respects limits of liability under Part I of this policy, and separate automobiles under Part III of this policy, including any deductible provisions applicable thereto."
Reading this provision, together with other pertinent provisions of the policy (identical to those previously quoted above), the court in Guillory concluded that the policy did not allow double recovery under the medical payments clause. Likewise, in Bost v. *704 Hartford Accident and Indemnity Company, 242 So.2d 355 (La.App. 2d Cir. 1970), the court, citing Guillory, disallowed stacking on facts similar to the cited case. In so holding, the court rejected plaintiff's argument that stacking was allowed on the basis of the language "When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each".
In the instant case, plaintiff attempts to distinguish Guillory and Bost on the ground that his injuries occurred while he occupied a vehicle owned by a third party, whereas in the cited cases, the accidents involved automobiles covered by the policy. It is true that the factual distinction exists as pointed out by plaintiff. Nevertheless, we do not perceive a difference in result. We interpret this limitation-to-each-person provision to apply whether the insured or his relative incurs injury while occupying an "owned automobile" or a "non-owned automobile" (as in the instant case). In Odom v. American Insurance Company, 213 So.2d 359 (La.App. 3d Cir. 1968), where the injured party was a passenger in one of the insured automobiles, as in Guillory, the court stated in response to plaintiff's attempt to distinguish the case:
"We feel, however, that whether plaintiff incurred his injury `while occupying the owned automobile' under Division I(a) or `through being struck by an automobile' under Division I(c) makes no substantial difference insofar as the maximum recovery stated on the declarations page of the contract. For this reason we feel that the principle announced in the Guillory case is applicable to the instant one."
We extend this rationale to the facts before us and apply the Guillory result despite the fact that plaintiff seeks medical payments under Division 1(b) for injuries incurred "while occupying a non-owned automobile".
We find no merit, further, to plaintiff's contention that denial of stacking under the Family Automobile Policy means no additional coverage is provided to the insured for medical payments although additional premiums are charged for coverage on each automobile. Though it is true that the limit of liability of the insurer remains at $5,000.00 despite the fact that two premiums are paid, the insured does, however, receive a greater expanse of coverage by paying two premiums. Had the insured paid a medical payment premium on only one of the vehicles covered by the policy and had the injuries been incurred in the other vehicle for which no premiums had been paid, no medical payment coverage would have been received by the insured. Argument similar to that raised in our case was disposed of by the court in Guillory, 203 So.2d at page 764:
"Had the plaintiff been involved in an accident while driving one of his own vehicles upon which no medical payment clause had been taken, then he would not have been entitled to recover under the medical payments clause reserved on another of his owned vehicles because neither condition would have been presented, i. e., he would not have been in an owned vehicle (as regards to policy interpretation) and he would not have been driving a non-owned vehicle. Thus, the argument of the plaintiff that he would be paying double premiums for no good reason must fall."
We adopt this reasoning from Guillory. See also Crenwelge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3d Cir. 1973).
Finally, we find no merit to plaintiff's argument that the additional $5,000.00 medical payment is considered "excess insurance" under the policy. In support of this argument, plaintiff cites the following provision:
"Other Insurance. If there is other automobile medical payments insurance against a loss covered by Part II of this policy the Company shall not be liable *705 under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible automobile medical payments insurance; provided, however, the insurance with respect to a temporary substitute automobile or nonowned automobile shall be excess insurance over any other valid and collectible automobile medical payments insurance."
Reading this language, together with the policy provision that "the terms of this policy shall apply separately to each" of the two or more vehicles insured under the policy, plaintiff argues that the two medical payment coverages are separate policies, both of which are fully collectible. We do not agree. We interpret this policy provision relating to "excess insurance" to be applicable only where there exists other insurance coverage under more than one policy. There is only one insurance policy in our case. This provision of the policy is clearly not applicable.
In Bourgeois v. Government Employees Insurance Company, 316 So.2d 804 (La.App. 1st Cir. 1975), writ refused, 320 So.2d 914 (La.1975), the court allowed stacking of uninsured motorist payments in the multiple vehicle single policy situation, but rejected stacking of medical payments.[2]
Defendant has raised the release executed by plaintiff as a bar to the claim for the additional amount under the medical payments provision. Because we have rejected plaintiff's claim on other grounds, no necessity exists for a discussion of this issue. Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] By amendment, plaintiff is the named insured.
[2] See Seaton v. Kelly, 339 So.2d 731 (La. 1976); Phillips v. Barraza, 320 So.2d 587 (La. App. 4th Cir. 1975), writs denied, 323 So.2d 476 (La. 1975) and 323 So.2d 478 (La. 1975), where stacking is permitted in uninsured motorist coverage. We have found no Louisiana cases where stacking has been permitted under medical payments coverage.