R. W. ASKEW, Administrator of the Estate of JAMES HOWARD ASKEW, Deceased, v. CAROLINA COACH COMPANY and E. C. MILLER.

(Filed 5 June, 1942.)

**1. Trial § 29c—**

A charge to the effect that, since plaintiff was relying on circumstantial evidence to prove actionable negligence, plaintiff had the burden of proving each fact constituting an essential link in the chain of circumstances beyond a reasonable doubt is erroneous and constitutes prejudicial error.

**2. Appeal and Error § 39—**

Conflicting instructions upon the burden of proof, one correct and the other erroneous, must be *held* for reversible error.

Appeal by plaintiff from *Dixon, Special Judge,* at January Term, 1942, of Alamance. New trial.

This was an action to recover damages for wrongful death of plaintiff's intestate, alleged to have been caused by the negligence of the defendants in the operation of a passenger bus on the highway.

The issue of negligence was answered by the jury in favor of the defendants, and from judgment on the verdict plaintiff appealed.

*J. Elmer Long and Clarence Ross for plaintiff, appellant.*
*Sapp, Sapp & Atkinson for defendants, appellees.*

Devin, J. The plaintiff's intestate died as the result of a collision between an automobile he was driving and a large passenger bus of the corporate defendant driven by defendant Miller. The plaintiff relied almost entirely on circumstantial evidence to establish actionable negligence on the part of the defendants.

In submitting this phase of the case to the jury, and referring to this type of evidence, the trial judge used this language: "These concurring and coincidental facts are arranged in combination by a mental process of reasoning and inferences, enlightened by common observation, experience, reason, and knowledge. Where presumption arises from a number of connected dependent facts each essential to the series must be proved beyond a reasonable doubt. Such evidence is like a chain in which no link must be missing or broken, which destroys its continuity." Plaintiff having duly excepted, assigns this instruction as error.

While the use of the phrase "beyond a reasonable doubt" in the instruction complained of was evidently an inadvertence on the part of the judge, it was none the less prejudicial to the plaintiff, and necessitates a new trial. True, in preceding portions of the charge the correct rule as to the *quantum* of proof required of the plaintiff on the first issue was

given to the jury, but the later expression carried the implication that with respect to the circumstantial evidence relied on by the plaintiff a higher degree of proof was necessary to establish his case. This was at least conflicting and confusing. *Young v. Comrs.,* 190 N. C., 845, 130 S. E., 833.

Whether the plaintiff's evidence was sufficient to warrant its submission to the jury is not presented on this appeal, and is not decided.

For the reason stated, there must be a

New trial.