JUNIOR B. SETZER v. PYRAMID LIFE INSURANCE COMPANY.

(Filed 31 October 1962.)

**1. Insurance § 3—**

Where the language of a policy is clear and unambiguous, the courts must give the language used its plain, natural, and obvious meaning.

**2. Insurance § 48b—**

A policy providing indemnity for injury by accident while riding in or on a vehicle, and excluding liability if injury results while insured is repairing or working on a vehicle unless such injury results from collision with another vehicle, *held* not to cover an injury sustained by insured when he lost his balance and fell into a harvester after he had stopped the tractor drawing the harvester and had climbed on the harvester to dislodge silage from its head, even though insured lost his balance when the tractor and harvester rolled forward when insured stepped on the wheel of the tractor.

APPEAL by plaintiff from *Froneberger, J.*, April 1962 Regular Term of CATAWBA.

Action to recover hospital and dismemberment indemnity under the provisions of a travel accident insurance policy.

Plaintiff's evidence is summarized as follows:

Plaintiff is a dairy farmer. On 21 October 1960 he was engaged in cutting corn and cane silage with a forage harvester attached to and drawn by a tractor. Silage was carried by chains into the head of the harvester. ". . .(T)he tops of the corn were breaking down over the head and the machine stopped. . . ." Plaintiff stopped the tractor for the purpose of dislodging the corn from the head of the machine. He left the tractor motor running. The harvester is operated by the tractor motor through a "power take off." Plaintiff stepped on the seat

of the tractor with his left foot and on the right wheel of the tractor with his right foot, and started to reach forward to dislodge the corn in the harvester. The tractor and harvester both rolled forward, plaintiff lost his balance and fell into the harvester. The rollers caught his right hand and pulled his arm into the cutters. He lost his entire right arm.

The insurance policy was in full force at the time of the accident. Plaintiff filed proof of loss and demanded payment of indemnity. Defendant refused on the ground that the accident was not within the coverage of the policy.

The policy insures against loss from bodily injuries caused through accidental means and sustained by insured only in the manner described in the policy. For the most part the policy covers travel accidents. It does not cover accidents, injury, disability or loss caused "while adjusting, repairing or working on an automobile or other vehicle, unless injury is the result of an accident caused by an automobile or other vehicle other than that which Insured is adjusting, repairing or working on." There is a "Farm Accident Rider" which provides coverage "(a) While riding in or on a motor-driven or animal drawn farm machine (including farm tractor) or farm implement of a type designed to be ridden upon while in use, and while such machine or implement is being used on or about the farm or public highway; or (b) By being struck, knocked down or run over by a moving motor-drawn or animal drawn farm machine (including farm tractor) or farm implement of a type designed to be ridden upon while in use; . . ."

At the close of plaintiff's evidence the court entered judgment of involuntary nonsuit.

Plaintiff appeals.

*Richard A. Williams and Martin C. Pannell for plaintiff.*
*Cansler & Lockhart for defendant.*

Per Curiam.    The pertinent provisions of the policy are clear and unambiguous. We give the language used its plain, natural, ordinary and obvious meaning. *Marshall v. Insurance Co.*, 246 N.C. 447, 98 S.E. 2d 345. Plaintiff's evidence compels the conclusion that his tragic injury is not within the coverage of the policy. At the time of the accident plaintiff was not "riding in or on" the tractor. He was not "struck, knocked down or run over" by a moving vehicle, machine or implement. He was in the process of "adjusting" the harvester, the head of which had become jammed by the silage and was temporarily inoperative, and he was injured by the harvester.

The judgment below is
Affirmed.

DENNY, C.J., took no part in the consideration or decision of this case.