PAUL McNAIR, A MINOR REPRESENTED HEREIN BY CHANNIE McNAIR, HIS NEXT FRIEND v. MARION COLE GOODWIN.

(Filed 24 March, 1965.)

**1. Appeal and Error § 42—**

The inadvertent use of the phrase "beyond a reasonable doubt" in charging upon the *quantum* of proof in a civil action must be held for prejudicial error, notwithstanding that in other portions of the charge the court correctly states the *quantum* of proof required.

**2. Automobiles § 7—**

The duty of a motorist to exercise due care to avoid colliding with another vehicle is not limited to other vehicles being operated as required by law, since reasonable prudence requires a motorist who sees another vehicle being operated in a negligent manner to take all the more care to avoid collision. G.S. 20-141(c).

APPEAL by plaintiff from *Parker, J.,* September-October 1964 Civil Session of WAYNE.

Action for personal injuries. On September 9, 1961, about 6:30 p.m., plaintiff was a guest passenger in the automobile of Clifton Forte, who was traveling west on a two-lane, unpaved country road. Forte was following a vehicle driven by Robert Wellington and was meeting defendant, who was traveling east. The road was very dusty. After defendant passed the Wellington car, there was a collision between his vehicle and that of Forte. The impact seriously injured plaintiff. He alleges, and offered evidence tending to show, that defendant operated his vehicle to his left of the center of the road and thereby proximately caused the collision. Defendant alleges, and offered evidence tending

to show, that the collision occurred when Forte drove his automobile into defendant's lane of travel. The jury answered the issue of negligence in favor of defendant. From a judgment that plaintiff recover nothing he appeals, assigning errors in the charge.

*James N. Smith and W. Harrell Everett, Jr., for plaintiff.*
*Braswell & Strickland for defendant.*

Per Curiam. As his last mandate to the jury on the first issue, his Honor instructed as follows:

"If the plaintiff has failed to satisfy you of any one of the alleged acts of negligence, from the evidence, or by its greater weight, or has further failed to satisfy you that either one or more of such alleged acts of negligence, if he has satisfied you of their truth beyond a reasonable doubt, was one of the proximate causes, or the proximate cause, of the injury or damage, it would be your duty to answer the first issue 'No'."

This instruction is so obviously conflicting and confusing that it must be held to be prejudicial error. With reference to a similar instruction, this Court said in *Askew v. Coach Co.,* 221 N.C. 468, 468, 20 S.E. 2d 286, 286: "While the use of the phrase 'beyond a reasonable doubt' in the instruction complained of. was evidently an inadvertence on the part of the judge, it was none the less prejudicial to the plaintiff, and necessitates a new trial." It is true here, as it was in the *Askew* case, that in preceding portions of the charge, the court had given the correct rule as to the quantum of proof required of the plaintiff on the first issue and had explained the meaning of greater weight of the evidence. Nevertheless, this instruction carried the implication that to establish *acts of negligence* a higher degree of proof was necessary than to establish proximate cause.

After instructing the jury that there was no evidence that either Forte or defendant was exceeding the speed limit, the judge charged:

"But, of course, the fact that the speed is lower than the maximum limit set out in the statute does not relieve the operator of the duty to decrease speed when traveling upon a road where special hazard exists, either by traffic on the road, condition of the road, weather conditions or the width of the road, or any other highway conditions, and the operator is required to decrease speed to such extent as may be necessary to avoid colliding with any other (motorists) . . . who, themselves, are complying with the

law, with the legal requirements, and the duty of all operators of motor vehicles to exercise and use due care."

The import of this instruction is that a motorist has no duty to decrease his speed to avoid colliding with another vehicle on the highway which is being driven in a negligent manner. This is not the law. Reasonable prudence requires a motorist who sees another vehicle being operated upon the highway in a negligent manner, to take all the more care to avoid a collision. G.S. 20-141(c) does not limit its protection to motorists and the passengers of motorists who are within the law; it enjoins all motorists "to avoid causing injury to *any* person or property either on or off the highway, in compliance with legal requirements and the duty of all persons to use due care." (Italics ours.) The challenged instruction bore too heavily upon plaintiff, a passenger who needed to show only that defendant's negligence was *one* of the proximate causes of his injuries in order to recover from defendant.

For the errors noted there must be a

New trial.