RAYMOND LOUIS VANN v. VANILLA HAYES, ADMINISTRATRIX OF THE
ESTATE OF BILLY RAY HAYES, DECEASED; CAROLYN RUTH HAYES,
TIMOTHY MURPHY AND WILLIAM THOMAS MURPHY.

(Filed 23 March, 1966.)

**1. Automobiles § 46—**

The evidence tended to show that one defendant's vehicle struck the
other defendant's vehicle, which was standing on the hard surface on its
left of the highway. There was no evidence as to how long the stationary
vehicle had been stopped when the accident occurred. *Held:* An instruc-
tion in regard to the duty of a motorist in stopping upon the highway first
to ascertain that the maneuver can be made in safety and an instruction
in regard to requirements as to lights in operating a car on the highway
at nighttime, are erroneous as charging on principles of law not supported
by any view of the evidence.

**2. Trial § 33—**

It is prejudicial error for the court to charge the law on abstract
principles not properly raised by the pleadings and not supported by any
view of the evidence.

**3. Automobiles § 37—**

Testimony of a witness that he did not see any headlights burning on
defendant's stationary vehicle is without probative force when the wit-
ness further testifies that he never was in a position from which he could
have seen the lights on the front of the vehicle had they been burning.

**4. Evidence § 15—**

A showing that a witness was in  a position to hear or see or would
have heard or would have seen is a prerequisite to the admissibility of
negative evidence that the witness did not hear or see.

**5. Automobiles § 52—**

The owner may be held to derivative liability only in the event that the
negligence of the driver is properly established.

MOORE, J., not sitting.

APPEAL by defendants Hayes from *Morris, J.,* August-Septem-
ber Session 1965, NEW HANOVER.

The uncontroverted evidence shows that Billy Ray Hayes was
sitting in a 1961 Chevrolet which was stopped in front of the home
of the plaintiff, Raymond Louis Vann, on the North — or wrong —
side of paved highway 1108. It was 8:30 p.m. on October 4, 1963 and
dark. The highway was straight and level for "at least half a mile."
The evidence did not disclose how long the car had been stopped at
that point before the accident nor the circumstances under which it
was stopped. As the plaintiff Vann was walking toward the Hayes
car and was about twelve feet from it, the defendant Murphy, driv-

ing his car west at about fifty miles per hour, struck the Hayes car and then the plaintiff, causing injury.

The Hayes vehicle was registered with the N. C. Department of Motor Vehicles in the name of defendant Carolyn Ruth Hayes at the time of the accident. Defendant Carolyn Ruth Hayes testified the automobile had been purchased by Billy Ray Hayes with his own money, but had been registered in her "name because Billy Ray didn't have a driver's license." A canceled check evidencing the purchase price of the automobile and signed "Vanilla Hayes or Billy Hayes" as joint makers was introduced into evidence. Defendant Carolyn Ruth Hayes denied the existence of any agency relationship with defendant Billy Ray Hayes.

Billy Ray Hayes died pending the trial and Vanilla Hayes, as administratrix of his estate was made a party to this action.

Defendants Murphy offered no evidence.

The jury found the plaintiff to have been injured by the negligence of defendant Billy Ray Hayes; that defendant Billy Ray Hayes was the agent of defendant Carolyn Ruth Hayes; that plaintiff was not injured by the negligence of defendant Timothy Murphy; and that plaintiff should recover $4000 of defendants Hayes.

From the signing of the judgment, defendants appeal, assigning error. The plaintiff Vann did not appeal.

*George Rountree, III, Elbert A. Brown, attorneys for the Plaintiff Appellee.*

*W. G. Smith, Attorney for Defendant Appellants.*

PLESS, J. The court charged the jury "if you find from the evidence and by its greater weight, the burden being upon the plaintiff, that the defendant, Billy Ray Hayes, stopped the automobile he was driving on the hard surface, or main traveled portion of the road without first ascertaining the same could be done with safety to others then and there present and being upon said highway, that would constitute negligence, and if you find from the evidence and by its greater weight, that the defendant Hayes was negligent in this respect, and you further find by the greater weight of the evidence that such negligence was a proximate cause of injury to the plaintiff, if any you find he sustained, you would answer the first issue 'yes'." Previously the court had read N. C. G.S. § 20-154 and the quoted portion of the charge was referring to the provisions of that statute.

Since there was no evidence as to when the car had been stopped nor the conditions under which it was stopped, this portion of the charge is subject to a valid exception for the reason that it was

VANN v. HAYES.

purely conjectural. There was no evidence to justify or support the quoted instructions, and "an instruction about a material matter not based on sufficient evidence is erroneous. In other words, it is error to charge on an abstract principle of law not raised by proper pleading and not supported by any view of the evidence." *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62. Our Court has said "it is an established rule of trial procedure with us that an abstract proposition of law not pointing to the facts of the case at hand and not pertinent thereto should not be given to the jury" and "* * * an instruction about a material matter not based on sufficient evidence is erroneous." *Childress v. Motor Lines,* 235 N.C. 522, 70 S.E. 558 and many cases therein cited. "An instruction not based on evidence is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to induce them to suppose that such state of facts in the opinion of the Court is possible under the evidence and may be considered by them." 53 Am. Jur. § 579, pp. 455-456.

The Court further charged: "* * * (I)f you find from the evidence and by its greater weight that the defendant Billy Ray Hayes, operated a 1961 Chevrolet automobile upon the highway in the nighttime without lights in violation of General Statute 20-124, such would constitute negligence, and if you further find from the evidence and by its greater weight that his negligence in this respect was a proximate cause of the collision and resulting injury to the plaintiff, if any he sustained, you would answer the first issue 'yes'."

The record contains no evidence of Billy Ray's operating the car in the nighttime, so this too, is an abstract proposition of law not supported by any view of the evidence.

The court also charged that during night hours "there shall be displayed upon such vehicle one or more lamps projecting a white or amber light visible under ordinary atmospheric conditions from a distance of 500 feet from the front of such vehicle, and projecting a red light visible under like conditions from a distance of 500 feet from the rear, except that local authorities may provide by ordinance that no lights need be displayed upon any such vehicle when parked in accordance with local ordinances upon a highway where there is sufficient light to reveal any person from a distance of 200 feet upon such highway."

The plaintiff had offered only negative testimony with regard to lights on the car; that is, the witness Jerry Newkirk, over the objections of the defendants Hayes, testified that he did not see any lights on the Hayes car but he also testified that if they were on he didn't see them, that he only saw the Hayes car for about 20 sec-

onds while he was 200 yards away, that he could not see the road in front of the Hayes car, that he was about two blocks away from it, that he never got in front of the Hayes car or on the side of it before the impact and never did bring himself within the 500 feet mentioned in General Statute 20-134 and never did put himself in a position from which he could have seen headlights on the front end of the Hayes car, and that he could not say of his own knowledge whether there were headlights on because he didn't see them.

With respect to negative evidence, that is, that one did not see nor one did not hear, it was meaningless if the non-seeing or non-hearing are equally consistent with the occurence of the events themselves. The showing that a witness was in a position to hear or see or would have heard or would have seen is a prerequisite to the admissibility of negative evidence that the witness did not hear or see. In the absence of such preliminary showing negative testimony does not possess sufficient probative force to require its submission to a jury, *Johnson & Sons, Inc. v. R. R.*, 214 N.C. 484, 199 S.E. 704; *Setzer v. Insurance Co.*, 258 N.C. 66, 127 S.E. 2d 783, nor, in our opinion, to sustain an affirmative finding.

The instructions relating to the liability of Carolyn Ruth Hayes are subject to some question but since they may not arise at a subsequent trial, we deem it unnecessary to discuss them. Since she could be held only in the event that the negligence of Billy Ray Hayes was properly established, we hold that the errors relating to Billy Ray Hayes relieve her of responsibility under the present verdict.

For the reasons stated, we are of the opinion that the defendants, Billy Ray Hayes and Carolyn Ruth Hayes, are entitled to a

New trial.

MOORE, J., not sitting.