CORINE S. WILLIAMS v. PYRAMID LIFE INSURANCE COMPANY

No. 6811SC397

(Filed 9 October 1968)

1. Insurance § 6— construction of policy — unambiguous language

Where the language of a policy is clear and unambiguous, the courts must give the language used its plain, natural and obvious meaning.

2. Insurance § 67— action on accidental death policy — burden of proof

In order to establish a *prima facie* case in an action on policy of insurance providing benefits for accidental injury or death, plaintiff must prove the existence of the policy sued on, death of the insured under conditions covered by the policy, and required notice to the insurer; insurer then has the burden to prove the existence of factors excluding the insured from coverage.

3. Insurance § 67— accidental death policy — failure to show coverage

When the plaintiff (1) fails to show coverage under the insuring clause or (2) establishes an exclusion while making out his *prima facie* case, nonsuit is proper.

4. Insurance § 67— action on accidental death policy — sufficiency of evidence

Evidence that five hours after deceased had been seen operating a trac-

WILLIAMS *v.* INSURANCE CO.

tor which pulled and powered a hay baler his body was found on the ground with an entire arm and a portion of the shoulder caught in the bailing mechanism and that the switch of the tractor was turned on but the machine had choked down, *is held* insufficient to show that the death occurred within coverage of policy providing benefits if deceased at the time of the accident was "riding in or on a motor driven or animal-drawn farm machine (including farm tractor)."

APPEAL by plaintiff from *Carr, J.*, at the 12 August 1968 Civil Session of HARNETT Superior Court.

Plaintiff filed complaint in Harnett County Recorder's Court on 17 December 1963, alleging that on 25 August 1963 defendant executed a policy of insurance against accidental injury or death, subject to the terms and conditions of the policy, to Robert Strange Williams, with plaintiff as beneficiary in case of death; that on 25 September 1963, Robert S. Williams was riding a farm tractor pulling a hay baler and accidentally fell from the tractor into the path of the hay baler, resulting in his death; that the policy was in full force and effect at the time of the accident.

Defendant answered, admitting the execution of the policy with plaintiff as beneficiary and the payment of the premiums but denying that insured's death came within the coverage of the policy.

At trial, plaintiff offered evidence that the deceased was operating one of the largest International tractors, with the seat located over or slightly behind the rear axle, and that the baler was operated by a power takeoff from the tractor; that it was a one-man operation where the operator, leaving the throttle at or near the maximum, would proceed along the windrow until the baler gave a click, signaling the formation of a bale, after which the operator would take the tractor out of gear and allow the motor to race in order to speed the tying of the bale, at the completion of which the baler would click and eject the completed bale; that the operator would then put the tractor back in gear and proceed along the windrow gathering up hay for the next bale. With the throttle remaining at the maximum, this was of necessity a jerky operation.

The plaintiff offered evidence that the deceased was seen operating the baler with no trouble around 12:30 p.m. and that the deceased was found about 5:30 p.m. with his entire arm and a portion of his shoulder up to his head caught in the baling mechanism. The switch key was turned on and the machine had choked down on the body of the deceased. He was dead when found.

The pertinent portions of the policy are as follows:

"FARM MACHINE AND FARM ANIMAL ACCIDENTS

The Company will pay the indemnity specified * * * if such injury shall be sustained:

(a) While riding in or on a motor driven or animal-drawn farm machine (including farm tractor) or farm implement of a type designed to be ridden upon while in use, and while such machine or implement is being used on or about the farm or public highway; * * *

"EXCEPTIONS

This Certificate does not cover accidents, injury, death, disability, or other loss caused or contributed to directly or indirectly, wholly or partly: * * * (13) while adjusting, repairing, working on, loading or unloading an automobile, truck, or other vehicle * * *."

The case was submitted to the jury in the Recorder's Court, and verdict and judgment were returned and rendered in favor of plaintiff in the policy amount of $2,250.00. Defendant appealed to the Superior Court, which ruled that the Recorder's Court had erred in refusing to grant a motion for nonsuit at the close of the evidence. Plaintiff appeals from this ruling.

*Morgan & Jones by R. H. Jones for plaintiff appellant.*

*Cansler & Lockhart and Bryan, Bryan & Johnson by J. Shepard Bryan for defendant appellee.*

BRITT, J.

The question presented by this appeal is whether the evidence offered by plaintiff, when viewed in the light most favorable to her, established a prima facie case of coverage under the policy, requiring submission to the jury. We are impelled to answer in the negative.

[1] Where the language of a policy is clear and unambiguous, the courts must give the language used its plain, natural, and obvious meaning. *Setzer v. Insurance Co.,* 258 N.C. 66, 127 S.E. 2d 783.

[2] In order to establish a prima facie case in this action, it was necessary for plaintiff to prove the existence of the policy sued on, death of the insured under conditions covered by the policy, and required notice to the insurer. The burden then would have been upon the defendant to prove the existence of factors excluding the insured

from coverage. *Langley v. Insurance Co.*, 261 N.C. 459, 135 S.E. 2d 38; *Kirk v. Insurance Co.*, 254 N.C. 651, 119 S.E. 2d 645; *Slaughter v. Insurance Co.*, 250 N.C. 265, 108 S.E. 2d 438; *Fallins v. Insurance Co.*, 247 N.C. 72, 100 S.E. 2d 214.

[3]    When the plaintiff fails to show coverage under the insuring clause or establishes an exclusion while making out his prima facie case, nonsuit is proper. *Setzer v. Insurance Co., supra; Kirk v. Insurance Co., supra; Slaughter v. Insurance Co., supra.*

[4]    Here, plaintiff established the existence of the policy, death of the insured and due notice; however, plaintiff failed to offer any evidence tending to show that the deceased, at the time of the accident, was "riding in or on a motor driven or animal-drawn farm machine (including farm tractor) or farm implement of a type designed to be ridden upon while in use." This is the insuring clause, and there must be some evidence placing the accident within its terms. The fact that the switch was found turned on tends neither to prove or disprove that the deceased fell from the tractor. He could just as easily have been attempting to unclog the baler. There was no evidence as to the position of the gears on the tractor which would have been some evidence of whether the deceased was "in or on the vehicle" at the time of the accident.

To permit this case to go to a jury was to permit the jury to speculate as to whether the accident occurred within the insuring clause or within the exclusion.

The judgment of the Superior Court reversing the judgment entered in the Harnett County Recorder's Court and dismissing the action is

Affirmed.

BROCK and PARKER, JJ., concur.