DOSSIE ROGERS v. IRVIN NEAL ROGERS and IRVIN NORMAN ROGERS
No. 6814DC383

(Filed 23 October 1968)

1. **Witnesses § 7; Automobiles § 45— reading from accident report**

   In an action for personal injuries and property damage resulting from an automobile accident, it was error to permit an officer on direct examination to contradict his sworn testimony by reading from his accident report after he had stated that he could not testify thereto of his own knowledge and no other proper foundation was made for the admission of the accident report.

2. **Automobiles §§ 33, 90— duty to reduce speed at intersection**

   An instruction to the effect that G.S. 20-141(c) requires a motorist to reduce the speed of his vehicle in all circumstances when approaching and crossing an intersection is erroneous, since a motorist traveling within the speed limit is required to decrease his speed at an intersection only when in the exercise of due care he should decrease his speed in order to avoid causing injury to any person or property.

3. **Damages §§ 3, 16— permanent damages — instructions**

   It is error for the court to instruct the jury as to permanent injuries and the measure of damages with respect thereto where there is no allegation or evidence of permanent injuries.

4. **Costs § 4— G.S. 6-21.1 — attorney's fee as part of costs**

   Under G.S. 6-21.1 the court may allow an attorney's fee to be taxed as part of the costs in a personal injury or property damage action in which the judgment is for $1,000 or less without finding that there has been an unwarranted refusal to pay the claim, such a finding being necessary only when the suit is brought against an insurance company by the insured or beneficiary under a policy issued by such insurance company.

APPEAL by defendants from *Lee, District Court Judge,* 25 March 1968 Civil Session of the District Court of DURHAM County.

Civil action instituted by plaintiff seeking to recover the sum of $300 for property damage and $4,700 for personal injuries alleged to have been incurred as a result of a collision between plaintiff's automobile and an automobile owned by defendant Irvin Neal Rogers (Rogers, Sr.) and operated on 3 April 1966 at about 12:40 P.M. by the defendant Irvin Norman Rogers (Rogers, Jr.). The collision is alleged to have occurred at the intersection of Washington Street and Club Boulevard in the City of Durham at which traffic was controlled by an electric traffic control device.

Plaintiff alleges that the Rogers vehicle was being operated by Rogers, Jr., without keeping a proper lookout, at a speed greater than reasonable and prudent, recklessly in violation of G.S. 20-140, and "in willful and wanton disregard of the traffic light governing

the intersection, in violation of ordinance of the City of Durham and N. C. Gen. Stat. 20-169."

Defendants denied negligence and alleged that plaintiff was contributorily negligent in that he entered the intersection on a red light, entered an intersection after another vehicle traveling from his right to his left had already entered, failed to keep a proper lookout, failed to keep his vehicle under control, and was driving at a speed greater than was reasonable and prudent. Defendant Rogers, Sr., asserts a counterclaim in which he seeks to recover $1,200 as damages to his automobile.

Upon trial, issues were submitted to and answered by the jury as follows:

"1. Was the plaintiff damaged and injured by the negligence of the defendants as alleged in the complaint?

ANSWER: Yes.

2. If so, did the plaintiff, by his own negligence contribute to his injuries and damages as alleged in the answer?

ANSWER: No.

3. What amount, if any, is the plaintiff entitled to recover of the defendants?

ANSWER: $1,000.00

4. Was the defendant, Irvin Neal Rogers, damaged by the negligence of the plaintiff as alleged by the counterclaim?

ANSWER: (blank)

5. What amount, if any, is the defendant, Irvin Neal Rogers, entitled to recover of the plaintiff?

ANSWER: (blank)"

Judgment was rendered on the verdict, and the defendants assigned error and appealed to the Court of Appeals.

*Rudolph L. Edwards for plaintiff appellee.*

*Bryant, Lipton, Bryant & Battle by Alfred S. Bryant for defendant appellants.*

MALLARD, C.J.

[1] Defendants contend, and we agree, that it was error to permit the officer to testify by reading from his accident report after he stated that he could not testify thereto of his own knowledge af-

ter refreshing his memory and no other proper foundation was made for the admission of the officer's accident report. The officer also testified that the defendant Irvin Norman Rogers did not tell him anything and then was asked by plaintiff's attorney and answered over defendant's objection, as follows:

"Q.   Did he tell you that he speeded up to beat the red light?

A.   According to my report, yes sir."

Thus, the witness on direct examination was permitted to contradict his sworn testimony by reading his accident report. This evidence was incompetent and prejudicial. *State v. Walker*, 269 N.C. 135, 152 S.E. 2d 133; see also Stansbury, N. C. Evidence 2d, § 33.

The contention of the defendants that the judge should have non-suited the case is without merit. There was ample evidence of the negligence of the defendants to require the case to be submitted to the jury. Since the case goes back for a new trial, we refrain from discussing the evidence in detail.

[2]     The defendants contend that the court committed error in its charge concerning speed at an intersection when the judge instructed the jury relative to violations of statutes:

"The first one I want to call to your attention is General Statute 20-141 which provides in substance, that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, and a violation of that statute would be negligence, and if it were a proximate cause of injury it would be actionable negligence. The same statute fixes a maximum speed in various districts.

We are not concerned with any violations of the stated speed limit, but that same section goes on to say in subsection 'C' that the speed of a vehicle is lower than the maximum limit, shall not relieve the driver from the duty to decrease speed when approaching and crossing an intersection.

. . . or if he failed to decrease his speed when approaching the intersection that such conduct would constitute negligence. . . ."

This instruction does not comply with the provisions of G.S. 20-141(c). This statute does not require the driver of a vehicle to reduce the speed of his vehicle in all circumstances when approaching and crossing an intersection.

The fact that the speed of a vehicle is lower than the maximum speed limit at that particular place does not relieve the driver thereof

from the duty to decrease speed when approaching and crossing an intersection, *when in the exercise of due care he should decrease his speed in order to avoid causing injury* to any person or property, and a failure to do so is negligence *per se,* and if the proximate cause of an injury would create liability. *McNair v. Goodwin,* 264 N.C. 146, 141 S.E. 2d 22; *Bass v. Lee,* 255 N.C. 73, 120 S.E. 2d 570; *Hutchens v. Southard,* 254 N.C. 428, 119 S.E. 2d 205; *Primm v. King,* 249 N.C. 228, 106 S.E. 2d 223; *Day v. Davis,* 268 N.C. 643, 151 S.E. 2d 556.

**[3]** Defendants also contend that the court committed error in its instructions to the jury with reference to the issues of damages. The court instructed the jury as to permanent injuries and the measure of damages with respect thereto. There was no allegation of permanent injury and no evidence has been called to our attention indicating that the injuries of the plaintiff are permanent. It is error to charge on permanent damages if such are not alleged and proven. *Gillikin v. Burbage,* 263 N.C. 317, 139 S.E. 2d 753; *Short v. Chapman,* 261 N.C. 674, 136 S.E. 2d 40. Our Supreme Court has held that it is error to charge on an abstract principle of law that is not raised by the pleadings and supported by the evidence. *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; *Vann v. Hayes,* 266 N.C. 713, 147 S.E. 2d 186.

**[4]** Defendants also contend that the court committed error in awarding plaintiff's attorney a fee in the amount of $300 and ordering that such be taxed as a part of the costs. We do not agree with defendants' contention that the statute is not clear as to whether the court, before awarding an attorney's fee, must find in all cases that there is an unwarranted refusal to pay the claim. This contention is without merit.

This section of the statute was enacted in 1959 and numbered 6-21.1. After an amendment in 1963, it read in part: "In any personal injury or property damage suit, instituted in a court of record, where the judgment for recovery of damages is one thousand dollars ($1,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee . . ." to be taxed as a part of the costs.

In 1967 the statute was amended to read as follows:

"§ 6-21.1.   Allowance of counsel fees as part of costs in certain cases.   — In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there

was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is one thousand dollars ($1,000.00) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs."

From the language used in this statute, it is clear, we think, that it is only when the suit is brought against an insurance company by the insured or beneficiary, as plaintiff, under a policy issued by such insurance company that there must be a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim before attorney fees may be allowed as a part of the costs when the judgment for recovery of damages is one thousand dollars or less. No such finding is required in a personal injury or property damage suit which otherwise meets the statutory requirements.

Defendants propound other questions and make other contentions, all of which have been carefully examined. Some are not presented for determination on this record, some are without merit, and some may not occur on a retrial of this case. We, therefore, do not deem it necessary to discuss them since there must be a

New trial.

Campbell and Morris, JJ., concur.