SECURITY INSURANCE GROUP OF HARTFORD, A CORPORATION v. LUCILLE CROOM PARKER AND NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 7429SC795

(Filed 15 January 1975)

Insurance § 90— family automobile liability policy — use of non-owned vehicle in business — failure of proof

The trial court did not err in its determination that defendant insurer had failed to prove that at the time of an accident insured's spouse was operating a non-owned vehicle in a business or occupation within the meaning of an exclusion of such use from coverage under a "Family Automobile Policy" issued to insured.

APPEAL by defendant North Carolina Farm Bureau Mutual Insurance Company from *Martin (Harry C.), Judge,* 13 May 1974 Session of Superior Court held in RUTHERFORD County. Argued before the Court of Appeals 10 December 1974.

In a prior civil action entitled (abbreviated) *Yelton v. Dobbins and Parker,* a judgment upon a verdict was entered 29 April 1969, awarding to plaintiff Yelton the sum of $20,000.00 for personal injury growing out of an automobile accident. The judgment was rendered against defendants Dobbins and Parker jointly and severally as joint tortfeasors. Upon appeal by defendants the judgment was affirmed by this Court in *Yelton v. Dobbins and Parker,* reported at 6 N.C. App. 483, 170 S.E. 2d 552 (1969).

At the time of the accident involved in the case referred to above, the plaintiff in the present action was the liability insurance carrier for Dobbins, and the defendant in the present action was the liability insurance carrier for Parker. At the time of the accident involved in the case referred to above, Parker was driving a (non-owned) 1961 International truck with the permission and consent of its owner. The liability insurance carrier for the owner of said truck paid $5,000.00 (its policy limits) on the $20,000.00 judgment, plus $102.00 upon the court costs. Plaintiff (Insurance Group), liability carrier for Dobbins, paid the $15,000.00 balance on the $20,000.00 judgment, plus interest and the balance of court costs, and took an assignment of the judgment. Plaintiff (Insurance Group) in the present action seeks contribution from defendant (Farm Bureau), as liability insurance carrier of Parker, for the amount over one-half of the judgment and court costs which Insurance Group has paid. This excess payment amounts to $5,302.50.

The case was tried before Judge Martin without a jury. From judgment in favor of plaintiff, defendant appealed.

*Hamrick, Bowen & Nanney, by Fred D. Hamrick, Jr., and Louis W. Nanney, Jr., for plaintiff (Insurance Group).*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., for defendant (Farm Bureau).*

BROCK, Chief Judge.

Defendant concedes the existence of its "Family Automobile Policy" issued to Floyd E. Parker, husband of Lucille **Croom Parker,** and concedes that the policy covered Lucille

Croom Parker while operating a non-owned automobile. However, defendant asserts that it is not liable because the operation of the non-owned automobile (the 1961 International truck), at the time of the accident giving rise to the judgment for $20,000.00 damages, falls within the policy exclusion which specifically excluded coverage of a non-owned automobile operated by the insured or spouse *in any business or occupation.*

When the insurer asserts non-liability under an exception or exclusion in the policy, once a *prima facie* case of liability under the policy is established, the burden of proof is upon the insurer to establish that the loss falls within the exception or exclusion asserted. *Polansky v. Insurance Asso.,* 238 N.C. 427, 78 S.E. 2d 213; *Williams v. Insurance Co.,* 2 N.C. App. 520, 163 S.E. 2d 400; 12 Couch on Insurance 2d §§ 44:414, 44:421 (1964) ; 19 Couch on Insurance 2d § 75:383 (1968). Therefore, defendant in this case assumed the burden of proving that the (non-owned) 1961 International truck, at the time of the accident, was being operated by Lucille Croom Parker in a business or occupation.

It appears that defendant concedes that plaintiff established, *prima facie,* defendant's liability under the policy.

In seeking to carry its burden of proving that Lucille Croom Parker was operating the (non-owned) 1961 International truck in a business or occupation, defendant offered the testimony of Lucille Croom Parker. We have read the narration of her testimony carefully and with interest. Whether we would find the facts differently from those found by the trial judge is not the question. The trial judge had the opportunity to listen to and view the witness. These opportunites, like those afforded a jury, are essential to a determination of the weight and credit to be given to the testimony. A reviewing court has only the cold record. Here the defendant had the burden to satisfy the trial judge by the greater weight of the evidence that the loss came within the policy exclusion. This it failed to do, and the trial judge found in favor of coverage. If, upon this same evidence, a jury under correct instructions, had answered the issue as did the trial judge, should the verdict be upset? We think not.

In view of this disposition, the remainder of defendant's argument requires no discussion.

Affirmed.

Judges MORRIS and ARNOLD concur.