Smith v. McRary

JAMES LAWRENCE SMITH v. BYNUM McRARY D/B/A McRARY HARLEY-DAVIDSON

No. 8128DC258

(Filed 17 November 1981)

Bailment § 3.1— deviation from bailment contract—failure to instruct error

In a negligence action involving a nongratuitous bailment, it was error for the trial court to fail to instruct, upon request, that if plaintiff had a reasonable expectation that his property would be stored in defendant's main building, defendant stored it in a smaller building and defendant had no authority to move it outside the main building, defendant would be liable for its loss irrespective of any negligence as the evidence supported the charge.

APPEAL by plaintiff from *Roda, Judge.* Judgment entered 17 October 1980 in District Court, BUNCOMBE County. Heard in the Court of Appeals 16 October 1981.

Plaintiff brought this negligence action for defendant's failure to return plaintiff's motorcycle, which was the subject of a nongratuitous bailment. The jury answered the issue of

negligence against the plaintiff. From the trial court's entry of judgment on the jury's verdict, plaintiff has appealed.

*Stephen D. Kaylor, for plaintiff-appellant.*

*Harrell and Leake, by Larry Leake, for defendant-appellee.*

WELLS, Judge.

Plaintiff's assignments of error relate to the trial judge's denial of plaintiff's motion to amend his complaint, the court's refusal to allow the opinion testimony of plaintiff's expert witness, and the failure of the judge to adequately define proximate cause and foreseeability, to apply the law to the evidence, and to instruct the jury on absolute liability. We find error in the jury instructions and order a new trial.

Plaintiff's evidence pertinent to this appeal may be summarized as follows. Plaintiff testified that he purchased his motorcycle from defendant. On 29 September 1979, plaintiff took the motorcycle to defendant for a warranty check and for servicing. Plaintiff delivered the motorcycle to defendant's main building, which plaintiff knew to be equipped with a burglar alarm system. When plaintiff delivered the motorcycle to defendant he observed that there was another, smaller building on defendant's premises. On previous visits to defendant's premises, plaintiff had observed other motorcycles, both new and used, being repaired and stored in defendant's main building. At the time plaintiff delivered his motorcycle, defendant gave plaintiff no indication that the motorcycle would be stored in the separate, smaller building. Plaintiff was subsequently informed by defendant that on the weekend of 14 October 1979 his motorcycle had been stolen while it was being stored in the separate, smaller building. Defendant's main building was not broken into that weekend.

Defendant was called by plaintiff as an adverse witness. Defendant testified as to the bailment of the motorcycle, described the premises and its security system, and recalled the theft of plaintiff's motorcycle. Defendant testified that the building in which plaintiff's motorcycle was stored was often used for the purpose of storing motorcycles; the building was protected by padlocks, one on a door and one on a fence gate near the entrance to the building, and by a burglar alarm system. Defendant

testified that his premises had been burglarized three times within the previous 18 months and that his burglar alarm system was not functioning when plaintiff's motorcycle was stolen. He also testified that plaintiff's motorcycle was stored with the key in the ignition and gasoline in the tank. Defendant testified that when the motorcycle was delivered, he did not indicate to plaintiff where the motorcycle would be stored, but that he did not indicate that it would be stored anywhere except the main building.

Louie Logan, a special investigator in the Buncombe County Sheriff's Department, was tendered as and found by the trial court to be an expert in the area of preventive security measures. Officer Logan testified that defendant's fence and building in which plaintiff's motorcycle was stored were secured by padlocks which could be cut with bolt cutters and that they were of a type his department would not recommend, and that it is not a good idea for a shop or garage to leave keys in the ignitions of vehicles stored on their premises.

Plaintiff's evidence brings this case clearly within the rule stated by our Supreme Court in *Pennington v. Styron*, 270 N.C. 80, 153 S.E. 2d 776 (1967), properly applied in this case as follows: if the jury should find that there was an implied understanding between plaintiff and defendant that plaintiff's motorcycle could be moved from defendant's main building to defendant's separate, smaller building at defendant's convenience, defendant's duty to plaintiff was one of ordinary care and defendant would be liable only for his failure to exercise such care. If, however, the jury should find that under the circumstances of this bailment plaintiff had a reasonable expectation that his motorcycle would be stored in defendant's main building where plaintiff delivered it and that defendant had no authority to move it outside that building, defendant would be liable for its loss irrespective of any negligence. Plaintiff was entitled to have the trial court instruct the jury on this aspect of the case. Plaintiff submitted a requested charge in writing, which was denied by the trial court. The requested charge is as follows:

"Ladies and Gentlemen of the jury, when you come to the _____ issue, the Court instructs you that:

If the bailee, without authority, deviates from the contract as to the place of storage or keeping of the property,

and a loss occurs which would not have occurred had the property been stored or kept in the place agreed upon, he is liable even though he is not negligent. The bailee assumes the risk of any injury which would not have resulted had he not moved the property, even though the place to which he moves the goods is equally safe and proper for the purpose. An unauthorized deviation would make the Defendant's liability absolute, and the Plaintiff would not be required to prove negligence of any type or degree.

Ladies and Gentlemen of the jury, if you find from all the evidence that the agreement between the parties was that the Plaintiff's motorcycle was stored at the office and service building of the Defendant, and that the Defendant stored the motorcycle in an outbuilding, without the authority or consent of the Plaintiff, then you must answer this issue in favor of the Plaintiff, regardless of the negligence of the Defendant.

The trial court should have given, in substance, the requested charge.[1] The failure to give this requested charge was error and requires a new trial.

Plaintiff has also assigned as error certain portions of the trial court's charge as it relates to the issue of defendant's duty of ordinary care as a bailee. The trial court charged the jury in pertinent part as follows:

Now, members of the jury, the parties have stipulated that this was a bailment for hire. That means that the property was delivered by Mr. Smith to Mr. McRary for their mutual benefit. A party who receives the property of another under a bailment of this nature is under a duty imposed by law to exercise due care to protect the property from loss, damage or destruction and return the property to the owner in as good a condition as when he received it.

Now, in this matter, members of the jury, the plaintiff contends that the defendant was negligent in that his burglar alarm was not working; that the locks he used for both the

---

1. The initial paragraph substantially reflects the rule stated in *Pennington v. Styron,* supra.

fence and for the building were not of a proper type, and that he left the key in the ignition. There is no statute in North Carolina that would require the defendant to do any of these things. There is no law that you cannot—the defendant in this case has violated no law so these would be for your concern only as it applies to the question of "Was the defendant negligent?"

The concluding sentences in the above-quoted portion of the charge were substantially misleading, carrying with them the implication that the absence of a statutory duty had a bearing on defendant's duty of due care. Such an instruction was prejudicial to plaintiff, regardless of whether the other portions correctly stated defendant's duty under the bailment. *See McNair v. Goodwin*, 264 N.C. 146, 141 S.E. 2d 22 (1965).

For the reasons we have stated, there must be a

New trial.

Judges MARTIN (Robert) and WEBB concur.